UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CIVIL ACTION NO. 08-46-WOB

VALLEY FORGE COMPOSITE
TECHNOLOGIES, INC.                                                   PLAINTIFF

VS.

NATIONAL CONCEPT LICENSING,
INC., ET AL                                                          DEFENDANTS

REPORT AND RECOMMENDATION

A fourth rescheduled settlement conference was called for hearing on October 30, 2008 with

the following appearances: Lou Brothers, representative of plaintiff Valley Forge Composite

Technologies and David Sloan, its attorney; Scott White as attorney for defendants National Concept

Licensing, Inc. (NCL), Marvin Moore, Cindy L. Seide, and Richard S. Gold; no representative of

defendants appeared.  Due to three prior cancellations of scheduled settlement conferences and now

a failure of any individual defendant or a representative of the corporate defendant to appear at this

conference, plaintiff has moved to hold defendants in contempt pursuant to 28 U.S.C.

§636(e)(6)(B)(iii).  For the reasons set out herein, it is recommended that the motion be granted.

FACTS

By order of July 30, 2008 Judge William O. Bertelsman referred this case to the undersigned

for a settlement conference and if that conference proved unsuccessful, this Court would hold an

evidentiary hearing to resolve the forum selection clause at issue in the defendant's motion to

dismiss. [D.E. #29]  A telephone conference was held on August 4, 2008 with all counsel and after

1

discussing the format for a court-convened settlement conference as well as the necessity that a representative of the parties, fully authorized to negotiate and approve a settlement, attend such conference, the matter was set for a settlement conference on September 8, 2008.  The parties' attention was directed to *Lockhart v. Patel*, 115 F.R.D. 44 (E.D. Ky. 1987).

On or about September 4, 2008 the Court received notice from Scott White, defendants' attorney, that defendant Marvin Moore suffers from liver cancer and that this defendant's condition had become much graver, that he was no longer on a transplant list and would be undergoing serious testing procedures each of the next five days as a patient at Duke University.  Richard S. Gold, a defendant and officer of NCL purportedly was coming to the September 8th mediation but due to Mr. Moore's medical condition, defendants' attorney requested in an email that the mediation be continued as follows:

> Given Mr. Moore's condition and how that impacts Mr. Gold's own need to attend to his work and that of Mr. Moore's work at NCL, and that if Mr. Moore's condition deteriorates to the point where he may die, this has become a very difficult, and indeed onerous, time for Mr. Gold to travel.

> Based on the above, I would like to suggest two options:

> 1.      Continue the mediation for thirty days into early October to allow the situation with Mr. Moore to stabilize one way or the other so that Mr. Gold can attend the mediation process without this level of stress or distraction; or,

> 2.      Proceed on Monday, but allow Mr. Gold to participate via teleconference.

*See* Ex. A.

A phone conference was then held on September 5, 2008 with counsel at which time defendants' request to vacate the September 8th settlement conference due to Mr. Moore's medical condition was granted and the matter was reset for October 6th [D.E. #31].

On the morning of the second rescheduled settlement conference, October 6, 2008, defense

2

counsel informed the Court via a phone conference that defendant Gold would not attend the settlement conference because he had missed the morning flight from Boston and was on a lengthy stand-by list for the next available flight.  During the expedited conference call counsel agreed to again reschedule the conference to October 21, 2008 at 1:30 p.m. [D.E. #32].

Due to these cancellations and in an effort to settle this litigation as efficiently as possible, the parties and counsel agreed to ex parte phone negotiations with the Court which proved unsuccessful.  Unfortunately the October 21st settlement conference was also vacated due in part to miscommunication between Mr. Sloan, Mr. White, and the Court.  Mr. White apparently was under the impression that the October 21st conference had been cancelled because of the parties' significant gap in settlement positions, but in a phone call with the Court Mr. White was informed that the settlement conference would proceed as scheduled.  Mr. White then immediately contacted Mr. Gold who indicated that his flight reservation had already been cancelled, even though it was a matter of approximately five minutes after the erroneous assumption was corrected.  The conference was again rescheduled to October 30, 2008 at which time no representative of defendants appeared as they had been ordered to do on August 4, 2008.  Mr. Lou Brothers and David Sloan, his attorney, appeared for plaintiff.  Mr. White informed the Court that despite notice of this fourth scheduled conference, his client, Mr. Gold, had a prior business appointment and declined to attend. Plaintiff orally moved that defendants be held in contempt and argument was presented by counsel.  To say the least Mr. Gold has engaged in contumacious conduct before this Court.  Accordingly;

**IT IS RECOMMENDED** that the defendant Richard S. Gold, individually and on behalf of defendant NCL be ordered to show cause pursuant to 28 U.S.C. §636(e)(6)(B)(iii) why they should not be held in civil contempt.

3

**OBJECTIONS** to this report and recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of the same or further appeal is waived. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981), *Thomas v. Arn*, 474 U.S. 140 (1985).   Poorly drafted objections, general objections or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal.   *See Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991).   A party may file a response to another party's objections within ten (10) days after being served with a copy thereof.   Rule 72(b), Fed. R. Civ. P.

This 5th day of November, 2008.

Signed By:

**J. Gregory Wehrman**

**United States Magistrate Judge**

4